**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | |
|---|---|
| ABIGAIL MARILYN AYERS, : | |
| as Surviving Spouse and : | |
| Administratrix of the Estate of : | |
| Jonathan Paul Ayers, : | |
| : | CIVIL ACTION NO. |
| Plaintiff, : | 2:10-CV-00032-RWS |
| : | |
| v. : | |
| : | |
| OFFICER BILLY SHANE : | |
| HARRISON, Individually and In : | |
| His Official Capacity, *et al.*, : | |
| : | |
| Defendants. : | |

**ORDER**

On January 3, 2014, the Court conducted a pretrial conference with counsel. After reviewing the record and considering additional arguments from counsel, the Court enters the following Order.

Plaintiff's Motions in Limine to Exclude Opinion Testimony of David M. Grossi [241] and Charles J. Keys, Sr. [242] and Defendants' Motions in Limine to Exclude Expert Testimony of Jeffrey Noble [250] and Dr. Geoffrey Alpert [251] are **DENIED**. The Court finds that the witnesses are qualified to offer opinions in their fields of expertise. However, the witnesses are not authorized

to offer their opinions regarding contested issues of fact. The parties will be responsible for making specific objections to such testimony should it be presented at trial.

Plaintiff's Motion in Limine to Exclude Prejudicial and Irrelevant Evidence Regarding Lack of Grand Jury Indictment and Associated Presentment [243] and Plaintiff's Motion in Limine Regarding Prior Court Rulings [246] are **GRANTED**. Defendant filed a Response [258] to the Motions stating no opposition to the same.

Plaintiff's Motion for Approval of Pretrial Questionnaire [271] is **DENIED** to the extent that the Motion requests that a questionnaire be sent to jurors in advance of their reporting for jury selection in the case. The Court will have jurors complete a written questionnaire on the morning that they arrive for jury selection. The parties will be afforded an opportunity to submit proposed questions for inclusion in the questionnaire.

Defendant's Motion in Limine to Exclude the Decedent's Post-Incident Robbery Statement [267] is **GRANTED**. In the Motion, Defendant seeks to exclude an alleged statement by the Decedent Jonathan Ayers that he believed he was being robbed at the time of the incident in question. Plaintiff asserts that

2

the statement is admissible as either an excited utterance, a statement of present sense impression, or a dying declaration. The Court finds that the statement satisfies none of these exclusions to the hearsay rule. The passage of time between the incident and the statement was so substantial that the statement does not qualify as an excited utterance or statement of present sense impression. The evidence does not support a conclusion that the Decedent believed that his death was imminent at the time that he made the statement. Therefore, the statement does not qualify as a dying declaration.

Moreover, the Court finds that the statement has limited relevance. The issue before the jury will be whether Defendant's decision to use deadly force was objectively reasonable at the time he fired the shot. The determination of reasonableness must be made from the perspective of Defendant. The perceptions of the Decedent regarding what was transpiring at the time are not relevant to this issue. Plaintiff wishes to present the statement in order to impeach evidence from Defendant that Defendant acted reasonably by announcing that he was a police officer and showing his badge. Plaintiff argues that the Decedent's statement that he believed he was being robbed supports her version of the facts, that Defendant did not announce that he was an officer or

show his badge.  However, Plaintiff intends to present considerable other evidence supporting her version of the facts. Thus, this statement by the Decedent has limited probative value. On the other hand, the statement could prove substantially prejudicial to Defendant, who would not have an opportunity to cross examine the Decedent about the statement. This potential prejudice to Defendant weighs any probative value that the evidence might have.[1]

Plaintiff's Motions in Limine to Exclude Prejudicial and Irrelevant Evidence Regarding Alleged Sexual Misconduct [244] and Motion to Strike Deposition Testimony of Kayla Barrett [245] are **GRANTED**. In light of the Court's ruling regarding the Decedent's alleged robbery statements, evidence about alleged sexual misconduct by Kayla Barrett is irrelevant.

In Defendant's Motion to Exclude Putative Expert Testimony of Kelly M. Fite [249], Defendant seeks to exclude the testimony of Plaintiff's ballistics expert, Kelly Fite. The Court finds that Mr. Fite is qualified to offer opinions based upon ballistics analysis. However, the Court finds that some of the

---

[1]The introduction of the statement could open the door to evidence from Defendant as to alternative reasons for the Decedent's flight from the scene, namely his alleged relationship with Kayla Barrett. This could result in unnecessary confusion for the jury.

AO 72A
(Rev.8/82)

opinions included in his expert report extend beyond his area of expertise. Specifically, while Mr. Fite will be permitted to testify regarding the timing of shots, as well as the locations and movements of persons and vehicles, he will not be permitted to offer his opinion on whether persons faced a threat of imminent bodily danger. Such opinions are outside his field of expertise and concern matters that the jury is capable of deciding without his opinion. Thus, Defendant's Motion [249] is **GRANTED**, **IN PART** and **DENIED**, **IN PART**.

The Court grants Plaintiff's request to be permitted to treat all of the Co-Defendants in this case who have been previously dismissed as hostile witnesses. At this time, the Court declines Plaintiff's request that the GBI agents be treated as hostile witnesses. However, should a witness display hostility at trial, counsel may renew his request.

The Court has advised the parties that the presentation of evidence will be subject to time limitations. Consistent with the rules stated by the Court at the hearing, each side shall be granted twenty (20) hours for the presentation of evidence.

The parties are directed to confer in an effort to stipulate to the authenticity of as many exhibits as possible and to endeavor to utilize joint

5

AO 72A
(Rev.8/82)

exhibits. The Court will schedule a final pretrial hearing to address any additional motions in limine that may be filed by the parties. In the event that the Court wishes to have briefing on any of said motions, the Court will notify counsel.

**SO ORDERED**, this  10th  day of January, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)