# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| ABIGAIL MARILYN AYERS, as Surviving Spouse and Administratrix of the Estate of JONATHAN PAUL AYERS, <br><br> Plaintiff, <br><br> vs. <br><br> OFFICER BILLY SHANE HARRISON Individually and In His Official Capacity; <br><br> Defendant. | CIVIL ACTION FILE <br><br> NO 2:10-CV-0032-RWS |

## PLAINTIFF'S MOTION FOR ENTRY OF JUDGMENT AND FOR A SUPERSEDEAS BOND AND BRIEF IN SUPPORT THEREOF

COMES NOW Abigail Marilyn Ayers, by and through counsel, and hereby moves this Court for entry of judgment in this matter to include all appropriate attorney's fees and costs and to require the Defendant to post a Supersedeas Bond under Federal Rule of Civil Procedure 62 in order to stay execution on the judgment. As grounds for this Motion, the Plaintiff would show the Court the following:

The Plaintiff has filed a Motion for Approval of Attorneys' Fees and Expenses incurred in the prosecution of this civil rights claim. Once the Court has

1

ruled on this Motion, the Court will be in a position to amend the Judgment to include all appropriate attorneys' fees and expenses pursuant to 42 U.S.C. § 1988.

Federal judgments are generally enforceable pending appeal unless they are stayed or superseded by posting a bond.  Filing a notice of appeal from a federal district court's judgment does not divest the district court of jurisdiction to enforce the judgment or otherwise stay enforcement of the order.  Fed. R. Civ. P. 62; <u>Newball v. Offshore Logistics Int'l</u>, 803 F.2d 821, 827 (5th Cir. 1986) ("An appeal of an order does not have the affect [sic] of an automatic stay of that order.").  A federal judgment generally is not enforceable for ten days following the entry.  The temporary stay period provides breathing room to the judgment debtor to decide whether to appeal or file any post-trial motions and to arrange for the security required to supersede the judgment.

The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal.  A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal.  At the same time, the bond secures the prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual

appeal.  See Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190-91 (5th Cir. 1979), see also Hebert v. Exxon Corp., 953 F.2d 946, 938 (5th Cir. 1992) ("The posting of a bond protects the prevailing plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the entry of final judgment.") (Internal quotations and citations omitted).  Once the supersedeas bond is approved, the stay of execution is effective immediately.  Fed. R. Civ. P. 62(d).  A party seeking to post a supersedeas bond must obtain district court approval of the supersedeas bond before the bond becomes effective.  Typically, district courts require that a supersedeas bond be some multiple of the judgment to account for post-judgment interest and costs.  Absent a specific local rule, the bond generally should include an amount sufficient to cover the judgment, interest, and costs.

To stay the execution of a monetary judgment as a matter of right, the Defendant must provide a supersedeas bond at or about the time of the filing of any Notice of Appeal.  Given that the Defendant has publicly announced his intention to file a Notice of Appeal, the Court should require that a supersedeas bond be paid, not only for the full amount of the judgment, but also all appropriate interest and appellate costs anticipated to be incurred in the future.  As the Court well

knows, the average time to submit a case to the Court of Appeals is 12 months. Given the penchant of defense counsel to take advantage of all available dilatory chess moves, even more procedural and time delay can be caused by a Petition for Rehearing En Banc (already done once) in this case and a Petition for Certiorari to the U.S. Supreme Court. In that regard, the Defendant will likely succeed in pushing this case past its sixth year anniversary post the incident date. Thereafter, once the Judgment is finally affirmed, Mrs. Ayers will then be required to sue multiple insurance carriers on the Judgment in order to collect it in full.

    All of this inordinate delay is compounded by the fact that the Court of Appeals has already held that Defendant's claim of qualified immunity was to be decided by the jury in this case. The jury has rendered its judgment and this Court has overruled claims of qualified immunity as a matter of law. Thus, the threatened appeal and delays caused thereby, in Plaintiff's opinion, will be frivolous and pursued solely to delay payment of the judgment that has been obtained. Moreover, the insurance carriers providing coverage have obstinately refused to acknowledge such coverage, thus threatening the Plaintiff with further protracted litigation to collect on her Judgment once it is affirmed – as it will be now that the jury has spoken.

Pretermitting a full discussion of the insurance coverage issues involved in this case, the fact remains that in order to stay execution on the judgment, the Defendant must post a supersedeas bond for the full amount of the judgment including fees, costs and interest. Failing to do so, the Plaintiff will seek to execute on the judgment immediately against the Defendant and all available insurance policies. However, the posting of a supersedeas bond will obviate the necessity of Plaintiff so doing. The bond will also protect the Plaintiff from having to incur additional costs to litigate against numerous insurance carriers (12 – 18 months from now after the Judgment is affirmed) to collect on the judgment. In short, the required posting of a supersedeas bond will insure that the Plaintiff is able satisfy her judgment once it is affirmed without further delay and expense to her. The requested supersedeas bond should be ordered posted in this case now in order to protect the Plaintiff from this threatened delay and unnecessary costs.

## **CONCLUSION**

The fact that the Plaintiff's husband was killed in September of 2009 and will likely receive no payment on this judgment for six (6) years (or more) is unconscionable. The Defendant continues to pursue defenses that have been overruled not only by the Eleventh Circuit but by this Court and now a jury. In

order to protect the Plaintiff and to insure that she collects the judgment that has been obtained, the Court is asked to enforce the provisions of Rule 62 of the Federal Rules of Procedure and require the Defendant to post a supersedeas bond for the full amount of the judgment, future interest, fees and costs (which Plaintiff requests be 20% over the amount of the final judgment entered, including attorneys' fees and expenses).  If the Defendant fails to post such a supersedeas bond, the Plaintiff should be allowed to execute on the judgment immediately.  For the reasons stated, a supersedeas bond should be posted if, in fact, the Defendant intends to pursue his frivolous appeal as is anticipated.

                                          Respectfully submitted,

                                          */s/ Richard W. Hendrix, Esq.*
                                          Richard W. Hendrix, Esq.
                                          Georgia State Bar No. 346750
                                          Michael A. Sullivan
                                          Georgia State Bar No. 691431
                                          Counsel for Plaintiff
                                          FINCH McCRANIE, LLP
                                          225 Peachtree Street, NE
                                          1700 South Tower
                                          Atlanta, Georgia 30303
                                          Telephone: (404) 658-9070
                                          rhendrix@finchmccranie.com
                                          msullivan@finchmccranie.com

                                          */s/ Roland H. Stroberg, Esq.*
                                          ROLAND H. STROBERG

6

>Georgia Bar No. 688600
>Co-Counsel for Plaintiff
>MYERS & STROBERG
>P. O. Box 1475
>Gainesville, GA 30503-1475
>770-531-1710
>msharkins@bellsouth.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on today's date, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>Terry E. Williams
>Jason C. Waymire
>Gary Kevin Morris

This the 20th day of March, 2014.

>*/s/ Richard W. Hendrix, Esq.*
>Richard W. Hendrix, Esq.
>Georgia State Bar No. 346750
>Michael A. Sullivan
>Georgia State Bar No. 691431
>Counsel for Plaintiff
>FINCH McCRANIE, LLP
>225 Peachtree Street, NE
>1700 South Tower
>Atlanta, Georgia 30303
>Telephone: (404) 658-9070
>rhendrix@finchmccranie.com
>msullivan@finchmccranie.com

## **CERTIFICATION OF FONT**

This certifies that pursuant to LR 5.1, N.D., GA, the above and foregoing has been prepared using Times Roman New font, 14 point.

This 20th day of March, 2014.

                Respectfully submitted,

                */s/ Richard W. Hendrix, Esq.*
                Georgia State Bar No. 346750
                Michael A. Sullivan
                Georgia State Bar No. 691431
                Counsel for Plaintiff
                FINCH McCRANIE, LLP
                225 Peachtree Street, NE
                1700 South Tower
                Atlanta, Georgia 30303
                Telephone: (404) 658-9070
                rhendrix@finchmccranie.com
                msullivan@finchmccranie.com

                */s/ Roland H. Stroberg, Esq.*
                ROLAND H. STROBERG
                Georgia Bar No. 688600
                Co-Counsel for Plaintiff
                MYERS & STROBERG
                P. O. Box 1475
                Gainesville, GA 30503-1475
                770-531-1710
                msharkins@bellsouth.net