IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ABIGAIL MARILYN AYERS, as Surviving Spouse and Administratrix of the Estate of Jonathan Paul Ayers,<br><br>Plaintiff,<br><br>v.<br><br>BILLY SHANE HARRISON, Individually and in His Official Capacity,<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>: CIVIL ACTION NO.<br>: 2:10-CV-00032-RWS<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **ORDER**

This case comes before the Court for consideration of Defendant's Rule 50 Motion and for a decision regarding the calculation of the present value of Plaintiff's economic damages. After considering the record, the Court enters the following Order.

## **Background**

Upon the conclusion of the jury trial in this case, Defendant moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50. The Court granted the motion as to the state-law claims and punitive damages

AO 72A
(Rev.8/82)

but denied the motion as to Plaintiff's Fourth Amendment claim. Defendant requested an opportunity to fully brief the issue following the trial, if a verdict were returned against Defendant. The Court granted that request. The jury returned a verdict in Plaintiff's favor for $2,305,352. Defendant filed a Post-Trial Brief in Support of His Qualified Immunity Defense [327], to which Plaintiff filed a Response Brief [335].

Defendant also filed a Post-Verdict Brief Regarding Present Value Calculations [324]. Plaintiff filed a Response Brief [328], to which Defendant filed a Reply Brief [331]. Following a telephone conference by the Court with counsel on April 14, 2014, Plaintiff filed a Supplemental Reply Brief [337].

## Discussion

**I.     Defendant's Motion for Judgment as a Matter of Law on Qualified Immunity**

Federal Rule of Civil Procedure 50 permits a district court to grant judgment as a matter of law when, after a party has been fully heard on an issue during a jury trial, "the court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1). Under this motion, the district "court must evaluate all the evidence,

2

together with any logical inferences, in the light most favorable to the non-moving party." Beckwith v. City of Daytona Beach Shores, Fla., 58 F.3d 1554, 1560 (11th Cir. 1995) (citing Walker v. NationsBank of Fla., 53 F.3d 1548, 1555 (11th Cir. 1995)).

To overcome the doctrine of qualified immunity, a plaintiff must "establish[ ] both that the defendant committed a constitutional violation and that the law governing the circumstances was already clearly established at the time of the violation." Youmans v. Gagnon, 626 F.3d 557, 562 (11th Cir. 2010) (citation omitted). At the conclusion of the presentation of evidence, Defendant argued that Plaintiff had failed to produce sufficient evidence to establish that Defendant violated a constitutional right, and even if he did, Defendant contends that the right was not clearly established.

### A.   Excessive Use of Force

To determine whether a use of force exceeds constitutional thresholds, the Supreme Court has stated that the question is one of reasonableness. Graham v. Conner, 490 U.S. 386, 395 (1989). That inquiry requires a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at

3

stake." Id. at 396 (internal quotations omitted).  More specifically, in considering a case of deadly force such as this, the Supreme Court and this Circuit have noted that deadly force is reasonable when an officer

> (1) has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to the others or that he has committed a crime involving the infliction or threatened infliction of serious physical harm; (2) reasonably believes that the use of deadly force was necessary to prevent escape, *and* (3) has given some warning about the possible use of deadly force, if feasible.

Vaughan v. Cox, 343 F.3d 1323, 1329-30 (11th Cir. 2003) (quoting Tennessee v. Garner, 471 U.S. 1 (1985)) (internal quotation marks omitted).

Defendant argues that Plaintiff did not contradict his evidence showing that he reasonably believed his life was in peril and that Ayers had committed a violent felony by striking Officer Oxner.  The Court initially denied summary judgment to Defendant because there were numerous factual disputes related to these issues.  At trial Plaintiff presented evidence on the reasonableness of Defendant's actions by submitting, among other things, the video and eyewitness testimony.  The Court concludes that the evidence presented at trial was sufficient for a jury to make findings consistent with Plaintiff's theory that Defendant lacked probable cause to believe that Ayers posed a risk of serious

4

physical harm to Defendant or others or that Ayers had committed a violent crime. Defendant argues that had the Court submitted his proposed Special Interrogatories to the jury, Plaintiff's theory would have been foreclosed and the Court would have been compelled to find that Defendant was entitled to qualified immunity. The Court found that the jury's responses to the Special Interrogatories would not have compelled that outcome. (Tr. [323]-73-74).

Had the jury answered each of the proposed Special Interrogatories in a manner favorable to Defendant, the following facts would have been established:

> The Defendant got out of the SUV and initially approached the front, driver's side of the car driven by Ayers. When the Defendant got out of the SUV and stood next to the Ayers' car, Defendant had a Mountain Judicial NCIS badge around his neck and hanging in front of his shirt. After getting out of the SUV and standing next to Ayers' car, Defendant extended the badge toward Ayers with his left hand. When Defendant got out of the SUV and stood next to the Ayers' car, he had his firearm in his holster and pulled his T-shirt up over his firearm with his right hand, but did not have his firearm out or pointed at Ayers before Ayers began backing away. When Ayers backed his vehicle around the SUV, Defendant followed the vehicle and saw it make contact with Agent Chance Oxner. When Defendant made the decision to fire the shot that struck Ayers, Ayers' car had begun to move in Defendant's direction.

5

However, these findings would not have foreclosed the jury from making additional findings that were favorable to Plaintiff. There was evidence from which the jury could have made the following findings:

> Defendant pulled his weapon and aimed it at Ayers as Ayers was backing away from Defendant. Defendant first fired his weapon after Agent Oxner had come from behind Ayers' vehicle and was clearly uninjured. Defendant fired the first shot at Ayers as Ayers was backing away from Defendant. A reasonable officer would have realized that Ayers' actions were consistent with a frightened innocent bystander attempting to flee a dangerous situation. A reasonable officer would have realized that his actions in pursuing Ayers with a drawn weapon and firing at him as he backed away would have resulted in an innocent bystander legitimately trying to escape an apparent assault. A reasonable officer would have realized that Ayers backed away from him until he was at the point of backing into a heavily traveled street, and then he chose to put the car in forward to move another direction. A reasonable officer would have realized that Ayers was moving forward in an effort to escape Defendant, not strike him.

The Court recognizes that Defendant offered testimony contrary to some of these findings. But, Plaintiff challenged the credibility of Defendant, and the jury is authorized to make decisions regarding credibility. The Court does not suggest that these are the findings that the jury would have made, but finds that evidence was presented that would have supported such findings.

Aside from the fact that Defendant's proposed Special Interrogatories would not have resolved the qualified immunity issue, the Court was concerned

6

that posing these interrogatories to the jury would have suggested that if the jury found answers favorable to Defendant, then the verdict should be in favor of Defendant. Rather than require the jury to go through a litany of potentially confusing factual decisions, the Court, through its instructions, drew the focus of the jury's inquiry to the essential question: "Whether the force Billy Shane Harrison used was excessive or unreasonable based on the degree of force a reasonable and prudent law enforcement officer would have applied under the same circumstances." Ultimately, that is the question the jury was required to answer, and the answer to that question was not dependent upon the answer to any of the special interrogatories proposed by Defendant. The Court gave instructions addressing how the facts asserted by Defendant should be considered in deciding the ultimate question posed to the jury. In the Verdict form, the jury was specifically asked whether "Defendant intentionally committed acts that violated Jonathan Ayers' constitutional right not to be subjected to excessive or unreasonable force by a law enforcement officer" and the jury responded, "yes." Decisions on the Special Interrogatories posed by Defendant were not necessary for the jury to reach this finding. Defendant was not harmed by the Court's failure to submit his proposed Special

7

Interrogatories. See Johnson v. Breeden, 280 F.3d 1308, 1323 (11th Cir. 2002) (holding that a special interrogatory is not required when the answer "was either covered by the verdict and jury findings, or it was irrelevant to the qualified immunity issue in light of the verdict and jury findings.").

### B.   Clearly Established Law

Defendant further asserts that even if he violated Ayers' Fourth Amendment rights, he is still entitled to qualified immunity because the Fourth Amendment reasonableness test did not give him fair warning that his use of deadly force would be unreasonable in the situation he confronted. According to Defendant, there are no cases establishing a Fourth Amendment violation "under the particularized circumstances of this case." (Def.'s Br., Dkt. [327] at 28.) Plaintiff responds that the law was clearly established as to the instant facts under Tennessee v. Garner and Graham v. Connor.

According to the Eleventh Circuit, "the Supreme Court in Hope[v. Pelzer] cautioned that we should not be unduly rigid in requiring factual similarity between prior cases and the case under consideration. The 'salient question,' the Court said, is whether the state of the law gave the defendants 'fair warning' that their alleged conduct was unconstitutional." Vaughan, 343

8

F.3d at 1332 (citing Hope, 536 U.S. at 741). The Supreme Court has also explained that "a general constitutional rule already identified in the decisional law may apply with obvious clarity to the specific conduct in question, even though the very action in question has [not] previously been held unlawful." Hope, 536 U.S. at 741 (citing United States v. Lanier, 520 U.S. 259, 271 (1997)) (alteration in original) (internal quotation marks omitted).

"Under Garner, a police officer can use deadly force to prevent the escape of a fleeing non-violent felony suspect only when the suspect poses an immediate threat of serious harm to police officers or others." Vaughan, 343 F.3d at 1332. The Court instructed the jury on the clearly established principles of Garner and Graham, and as discussed above, there was evidence to support the jury's finding that Defendant could not have reasonably believed that Ayers posed an imminent threat of serious harm or that deadly force was necessary to prevent his escape. And because it is clearly established that it is unreasonable for a police officer to use deadly force under such circumstances, Defendant's motion for judgment as a matter of law based on qualified immunity is **DENIED**.

9

## II.	Present-Value Calculations

Defendant also filed a brief arguing that in calculating the present value of Plaintiff's economic damages, the appropriate time frame is measured from the date of the verdict to the end of Ayers' life expectancy.  Plaintiff argues that the appropriate measure is Ayers' work-life expectancy to age sixty-five. After the Court advised the parties in the April 14, 2014 telephone conference that lost earnings would be reduced to present cash value based on the full life expectancy of Ayers, Plaintiff filed a Supplemental Brief [337] asserting that Defendant had the burden of proving a reduction in lost wages. Plaintiff asserts that because Defendant failed to submit special interrogatories on the issue, Plaintiff's position on this question should be adopted. However, the Plaintiff has the burden of proving lost earnings with reasonable certainty. Mathis v. Copeland, 139 Ga. App. 68 (1976). Because the only evidence introduced by Plaintiff that provided any certainty regarding a period of work for Plaintiff was the Annuity Mortality Table, the Court concludes that that is the only basis for the present value calculation. Therefore, the present value of Plaintiff's economic damages should be computed based on Ayers' full life expectancy.

10

In Plaintiff's Supplemental Brief, no objection is made to the calculations included in Plaintiff's Brief [324], which are therefore adopted by the Court. Thus, the present value of Plaintiff's lost income if $606,469.69.

### III. Motion for Attorney's Fees and Expenses [322] and Motion for Judgment and for a Supersedeas Bond [326]

With the above issues now resolved, Defendant's deadline to respond to the motions for attorney's fees and for a supersedeas bond is April 28, 2014, and Plaintiff's reply briefs are due seven (7) days after Defendant files his respective responses.

### Conclusion

In accordance with the foregoing, Defendant's motion for judgment as a matter of law is **DENIED**, and the parties shall file objections and responses to the above motions by April 28, 2014.  Reply briefs shall be filed within seven (7) days of response.

**SO ORDERED**, this __23rd__ day of April, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)