**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| ABIGAIL MARILYN AYERS, | : | |
| as Surviving Spouse and | : | |
| Administratrix of the Estate of | : | |
| Jonathan Paul Ayers, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 2:10-CV-00032-RWS |
| OFFICER BILLY SHANE | : | |
| HARRISON, Individually and In | : | |
| His Official Capacity, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case is before the Court for consideration of Plaintiff's Motion for Attorney's Fees and Expenses [322]; Plaintiff's Motion for Judgment and a Supersedeas Bond [326]; and Plaintiff's Motion to Supplement Motion for Attorney's Fees and Expenses [345]. After reviewing the record, the Court enters the following Order.

A.  Motion for Attorney's Fees and Expenses

Plaintiff seeks to recover attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988 as the prevailing party in this action. Plaintiff has submitted

a Statement of Fees and Expenses with supporting documentation. In his

Response, Defendant has objected to several categories of fees and expenses

claimed by Plaintiff. The Court will address fees and expenses and the

objections to each, in turn.

      1.  Attorney's Fees

      In calculating the amount of a reasonable fee the most useful starting

point is the lodestar calculation, the number of hours reasonably expended on

the litigation multiplied by a reasonable hourly rate.  Hensley v. Eckerhart, 461

U.S. 424, 433 (1983).  The "fee applicant bears the burden of establishing

entitlement and documenting the appropriate hours and hourly rates." Norman

v. Housing Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988). The

Court finds that Plaintiff is the prevailing party and thus, is entitled to attorney's

fees pursuant to § 1988. The Court will first address the categorical objections

raised by Defendant to Plaintiff's request.

      Defendant challenges the hourly rate sought by Plaintiff's counsel

contending the rates requested do not reflect the market rates in the Gainesville

Division. The following factors have been considered in setting a reasonable

hourly rate: 1) the time and labor required; 2) the novelty and difficulty of the

questions; 3) the skill requisite to perform the legal service properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation and ability of the attorneys; 10) the undesirability of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989). Also, a court is "itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment."  Norman, 836 F.2d at 1303.

A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Id. at 1299. "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" ACLU of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999) (citing Cullens v. Dep't of Transp.,

29 F.3d 1489, 1494 (11th Cir. 1994)). "[T]he 'going rate' in the community is in actuality the most critical factor in determining a reasonable fee." <u>Martin v. Univ. of South Alabama</u>, 911 F.2d 604, 610 (11th Cir. 1990). The Court has considered the <u>Johnson</u> factors, as well as the rates in the Gainesville Division, in setting the hourly rates for counsel as follows: Richard W. Hendrix - $400, Steven R. Wisebram - $350, Michael A. Sullivan-$400, Roland H. Stroberg $275, John W. Wingate, III-$225, W. Allen Myers $225, Nicole A. Archambault-$200.

Defendant also challenges the number of hours charged by the attorneys representing Plaintiff. Defendant argues that travel time should not be compensated at the full hourly rate for an attorney. "Although the Eleventh Circuit has not expressly addressed the issue, the district courts in this Circuit have regularly held that reasonable travel time is compensable at a regular hourly rate." <u>George v. GTE Directories Corp.</u>, 114 F. Supp. 2d 1281, 1290 (M.D.Fla. 2000). Likewise, district courts in this Circuit, including the undersigned, have reduced hourly rates for travel time. <u>Gaylor v. Greenbriar of Dahlonega Shopping Ctr., Inc.</u>, No. 2:12-CV-082-RWS, 2014 WL 2195719 at *5, n.5 (N.D.Ga. May 27, 2014); <u>Lambert v. Fulton County</u>, 151 F. Supp. 2d

4

1364, 1370 (N.D.Ga. 2000); <u>Dillard v. City of Foley</u>, 995 F. Supp. 1358, 1371 (M.D.Ala. 1998). Factors that have been considered in deciding the rate at which travel time should be compensated include whether legal work was performed during the travel, <u>Lambert</u>, 151 F. Supp. 2d at 1370, and whether local counsel was available to handle the case, <u>Dillard</u>, 995 F. Supp. at 1370. Plaintiff has not addressed either of these factors in her submissions. The Court concludes that travel time should be paid at one-half of the hourly rate that the Court has approved for the attorney.

Defendant also argues that attorneys for Plaintiff performed duplicative work and failed to show distinct contributions by each attorney. "There is nothing inherently unreasonable about a client having multiple attorneys." <u>Norman</u>, 836 F.2d at 1302. A reduction for redundant hours "is warranted only if the attorneys are unreasonably doing the same work. An award for time spent for two or more attorneys is proper as long as it reflects the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." <u>Johnson v. Univ. College of Univ. of Ala. in Birmingham</u>, 706 F.2d 1205, 1208 (11th Cir. 1983). The Court finds that, for the most part, work of

5

counsel was not duplicative. However, the Court finds some redundancy in the work such that a moderate reduction is appropriate.

Defendant objects to Plaintiff seeking compensation for time spent on the probate matter involving appointment of Plaintiff as Administratrix of her husband's estate. Fees for work done for a client may be awarded "if that work was reasonably related to the enforcement of federal civil rights unless the hours spent would not, in the exercise of normal billing judgment, be properly billed to one's client." Hensley, 461 U.S. at 434. In order to be compensable under § 1988, the time must be "reasonably expended on the litigation." Id. at 433. The Court finds that appointment of Plaintiff as the representative of her husband's estate was an essential part of the enforcement of his federal civil rights and a necessary part of the litigation. Therefore, the Court concludes that this time is compensable.

Defendant asserts that time and expenses incurred in connection with claims that were not successful should be excluded. The Court agrees that time and expenses that can clearly be identified with unsuccessful claims should be excluded. However, when the Plaintiff's claims for relief "involve a common core of facts or will be based on related legal theories, [m]uch of counsel's time

will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead, the district court should focus on the significance of the overall relief obtained by the Plaintiff in relation to the hours reasonably expended on the litigation." Id. at 435. The Court finds that, for the most part, the hours expended in this case fall into the latter category. However, some time was expended on unsuccessful claims, and the Court will make an adjustment based on this factor.

Defendant objects to attorney's fees being awarded in association with the interlocutory appeal in the case. Based on Eleventh Circuit Rule 39-2(e), the Court concludes that such fees are recoverable in this action.

In Plaintiff's Supplemental Motion for Attorney's Fees and Expenses [345], Plaintiff seeks to recover attorney's fees and expenses that accrued after the earlier motion [322] was filed. Defendant filed a Response [349] noting that some of the entries in the Supplemental Motion were also included in the earlier motion. Except to the extent that the supplemental request is duplicative of the earlier request, it is hereby **GRANTED**, and the Court will consider the supplemental request consistently with the other rulings herein.

7

The Court has considered the other categorical objections raised by Defendant (media time, attorney education, and clerical work) and finds the challenged time is compensable. The time was legitimate time spent in the prosecution of Plaintiff's case. Therefore, Defendant's objections on these grounds are overruled. The Court has also reviewed the individual objections noted on Plaintiff's counsel's time sheets by Defendant (Def.'s Resp. [340-5-11] and finds that the challenged time is compensable and thus, overrules Defendant's objections.

The Application of the foregoing rulings to the actual fees requested by Plaintiff is made more difficult by Plaintiff's failure to itemize the hours expended by each attorney individually. Rather, the hours for each firm have been consolidated. Also, consideration of redundant work or work on unsuccessful claims cannot necessarily be done on an hour-by-hour basis. In cases such as this, where the application fee is voluminous, an across-the-board percentage cut is authorized. Loranger v. Stierheim, 10 F.3d 776, 783 (11th Cir. 1994). With these points in mind, the following reflects the calculations of the Court in reaching its conclusion concerning attorney's fees.

8

The total fees requested by Plaintiff, including Plaintiff's supplemental request, were $962,419 ($779,559 for Finch McCranie attorneys and 182,860 for Myers & Stroberg attorneys). The Court deducted fees charged for travel time of $40,464, leaving a total of $921,955. Accounting for the difference in the Court's approved hourly rate and the rate sought by Plaintiff was complicated by the fact that Plaintiff did not provide a summary of the hours for each individual attorney. To arrive at a fair reduction, the Court considered only the hours for Finch McCranie attorneys because those were the only rates reduced. To calculate the number of hours performed by the Finch McCranie attorneys, the Court divided the total remaining fee after reduction for Finch McCranie travel time ($779,559 - $26,054 = $753,505) by $500/hour. In the Court's view, $500 is an appropriate figure based on the relative rates and hours of the attorneys. The result was 1507 hours. The Court used a $100 per hour across-the-board reduction based again on the relative rates and hours of the attorneys and the rates which the court set *supra*. The resulting reduction based on hourly rates is $150,700. Thus, the fees for the Finch McCranie attorneys at the approved hourly rate equal $602,805 and the fees for the Myers & Stroberg equal $167,820 (after a $15,040 reduction for travel time), for total fees

9

(excluding travel time) of $770,625.  The Court then applied an across-the-board reduction of ten percent (10%) for duplicative work and work on unsuccessful claims.  This $77,062 reduction leaves $693,563.  When half-time for travel at the approved hourly rates ($17,435) is added, the total attorney's fees awarded equal $710,998.

Plaintiff has requested an upward adjustment in the lodestar calculation of her fees because the hourly rates do not adequately measure the attorneys' true market value and because counsel bore substantial costs for an inordinate time because of delay unjustifiably caused by Defendant. (Pl.'s Brief [325] at 18-21). Conversely, Defendant seeks a downward adjustment based on Plaintiff's "partial and limited success." (Def.'s Resp. [340] at 14).

Addressing Defendant's request for a downward adjustment, the request is denied. The Court has taken into account the fact that Plaintiff did not succeed on some of her claims by reducing fees across the board. Any additional downward adjustment are not justified under the facts of the case.

Turning to Plaintiff's request for an upward adjustment, in Perdue v. Kenny A. ex. rel. Wynn, 559 U.S. 542, 546 (2010), the Supreme Court held that enhanced fees are permitted in extraordinary circumstances including: (1) ". .

10

.where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation;" (2) ". . .if the attorney's performance includes an extraordinary outlay of expenses and the litigation is especially protracted;" and (3) ". . .there may be extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." An adjustment is not warranted for factors that have already been considered by the Court:

> Expanding on our earlier finding in Hensley that many of the Johnson factors "are subsumed within the initial calculation" of the lodestar, we specifically held in Blum that the "novelty [and] complexity of the issues," "the special skill and experience of counsel," the "quality of representation," and the "results obtained" from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award.

Pennsylvania v. Delaware Valley Citizens' Council, 478 U.S. 546, 565 (1986).

Plaintiff is not entitled to an adjustment based on the inadequacy of the hourly rate approved by the Court.  The Court took into account all of the factors enumerated in Johnson, including the skill and experience of counsel, as well as the success achieved in the face of considerable opposition, in setting hourly rates that may be the highest this Court has approved in the Gainesville

division. While the Court finds that counsel for Plaintiff did an excellent job in their representation of Plaintiff, the Court concludes that an upward adjustment of the lodestar fee based on this factor is not appropriate in this case.

The Court also concludes that an upward adjustment is not warranted based on delay caused by Defendant. The case has been vigorously defended by counsel for Defendant. The Court recognizes that the case has taken an inordinate length of time and factored that into the earlier calculations. But the Court does not find Defendant unjustifiably caused delay in the case.  For example, the defense succeeded on significant issues raised in the interlocutory appeal. Thus, the decision to appeal was clearly not unjustified. Plaintiff also faults Defendant for delay based on his reliance on faulty evidence. However, regardless of the evidence with which Plaintiff takes issue, Defendant has asserted and likely will continue to assert an immunity defense that turns on close factual issues that Defendant was not unjustified in wanting to have a jury pass upon. Therefore, the Court concludes that an adjustment based on delay is not warranted.

Based on the foregoing, Plaintiff is awarded attorney's fees in the sum of $710,998.

12

2.  Expenses

"With the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under §1988." ACLU of Ga., 168 F.3d at 423. Defendant has raised several objections to the expenses claimed by Plaintiff, which objections the Court will now address.

Defendant objects to the recovery of expenses for expert witnesses. Recovery of expert witness fees is not authorized under §1988 except in cases brought pursuant to 42 U.S.C. § 1981 or 1981a. Webster Greenthumb Co. v. Fulton County, 112 F. Supp. 2d 1339,1379-80(N.D.Ga. 2000).  Since this case is not brought pursuant to §1981 or § 1981a, recovery of expert witness fees is not allowed. The Court has reduced the expense request by $71,768.53 for expert expenses.

Defendant objects to Plaintiff's request for interest on expenses. The Court concludes that interest does not begin to run until the date of judgment. BankAtlantic v. Blyth Eastman Payne Webber, Inc., 12 F.3d 1045, 1052-53

13

(11th Cir. 1994). Therefore, interest on any judgment shall run from the date judgment is entered in the case.

The Court has reviewed the general objections lodged by Defendant to the list of Plaintiff's expenses [341-2] and sustains the objection to service fees for Defendants against whom Plaintiff had no successful claims. The Court has deducted $1,608.17 for these expenses. Otherwise, the general objections of Defendant are overruled. The Court finds that the remaining expenses requested by Plaintiff are reasonable expenses incurred in case preparation and during the course of litigation. Therefore, the Court awards expenses to Plaintiff in the sum of $121,202.19.

B.   Motion for Judgment and a Supersedeas Bond

Plaintiff has also filed a Motion for Judgment and a Supersedeas Bond [326] requesting that the Court require Defendant to post a supersedeas bond in order to stay the execution of the judgment that will be entered as a result of this Order. Federal Rule of Civil Procedure 62(d) authorizes a court to stay the execution of a judgment pending an appeal if the appellant posts a supersedeas bond.

> "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending

AO 72A
(Rev.8/82)

appeal. . . . If a court chooses to depart from the usual requirement
of a full security supersedeas bond to suspend the operation of an
unconditional money judgment, it should place the burden on the
moving party to objectively demonstrate the reasons for such a
departure. It is not the burden of the judgment creditor to initiate
contrary proof.

Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc. 600

F.2d 1189, 1190-91 (5h Cir. 1979).

Defendant asserts that pursuant to O.C.G.A. § 9-11-62(d), Defendant

should not be required to post a bond in order to stay the enforcement of the

judgment. This statute provides that "[w]hen an appeal is taken by the state or

by any county . . . , or an officer or agency thereof, and the operation and

enforcement of the judgment is stayed, no bond, obligation, or other security

shall be required from the appellant." O.C.G.A. § 9-11-62(d).  However, as

Plaintiff points out in her Reply [346], this Court has held that O.C.G.A § 9-11-

62(d) is designed to protect public officials, but does not apply to persons who

are no longer public officials or to public officials sued in their individual

capacity. Bennett v. Hendrix, No. 1:00-CV-2520-TWT, 2007 WL 2668134 at

*1 (N.D. Ga. Sept. 5, 2007). Therefore, the statute is not applicable to

Defendant.

15

Defendant also asserts that the ability of the Defendant is not likely to change while an appeal is pending. Insurance proceeds of $1 million are the "only available funds to pay a judgment." (Def.'s Resp. [339] at 4). Defendant is "effectively insolvent even *before* any judgment, and a judgment over $1 million plainly will render him insolvent." (Id. at 5). Thus, Defendant argues that the only real asset, the insurance proceeds,  is secure beyond doubt. (Id. at 6).

> If a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

Poplar Grove Planting and Refining Co., Inc., 600F.2d at 1191. Based on this holding, Defendant urges the Court not to require a supersedeas bond.

The Court finds that Defendant fails to meet the requirements set out in Poplar Grove. Defendant asserts that he is unable to satisfy the judgment, much

16

less satisfy it "facilely." As Plaintiff points out, she suffered her loss nearly 5 years ago and has been in litigation over 4 years. In the Court's view, it is unconscionable to ask that she wait whatever time is required for an appeal before she can collect her judgment without any assurance that the judgment will, in fact, be collectible. Defendant urges the Court to allow such delay in the face of assurances that the judgment will not be paid in full.  This, the Court is unwilling to do.

Therefore, Plaintiff's Motion for a Supersedeas Bond [326] is **GRANTED**. In order to stay execution of the judgment, Defendant shall be required to post a supersedeas bond in the amount of $2.9 million. The bond amount takes into consideration the accrual of interest while an appeal is pending.

Based on the foregoing, Plaintiff's Motion for Attorney's Fees and Expenses [322] and Supplemental Motion for Attorney's Fees and Expenses [345] are **GRANTED**, and Plaintiff is awarded $710,998 as attorney's fees and $121,202.19 as expenses. Plaintiff's Motion for Judgment and for a Supersedeas Bond [326] is **GRANTED**. The Clerk shall enter judgment in favor of Plaintiff and against Defendant in the sum of $1,647,056 plus

17

attorney's fees and expenses of $832,200.19 for a total judgment of

$2,479,256.19. Defendant shall post a supersedeas bond in the amount of $2.9

million in order to stay the execution of the judgment pending appeal.

**SO ORDERED**, this  13th  day of June, 2014.



**RICHARD W. STORY**
United States District Judge

18